IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KALVIN M. MCCULLOUGH, *Petitioner,* v. JOHN RIVELLO, *et al.*, *Respondents.* | CIVIL ACTION NO. 21-5666 |

**Pappert, J.**  May 21, 2025

## MEMORANDUM

On December 24, 2021, Kalvin McCullough filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his conviction of four counts of attempted murder, four counts of aggravated assault and one count of criminal conspiracy to commit aggravated assault.[1] The Commonwealth contends McCullough's petition is untimely under the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act. On August 29, 2024, Magistrate Judge Craig M. Straw issued an R&R recommending that the petition be denied as untimely, to which McCullough objected on April 8, 2025. The Court adopts the R&R and dismisses McCullough's petition as untimely.

I

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court

---

[1] The facts underlying McCullough's arrest, conviction and post-conviction proceedings were adequately summarized by Magistrate Judge Straw and need not be repeated. (R&R at 1–6, ECF No. 29.)

1

reviews *de novo* the specific portions of the R&R to which a party objects. 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). For portions of the R&R to which no objection is made, as a matter of good practice, courts generally review unobjected-to claims for clear error. *See, e.g., Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016). McCullough objected to Magistrate Judge Straw's conclusion that his petition was untimely, (ECF No. 41), so the Court reviews *de novo*.

## II

### A

McCullough presents the following three claims in his *habeas* petition: (1) that a notarized confession from his longtime acquaintance Lamar Clark shows he is actually innocent of the crimes for which he was convicted, (2) ineffective assistance of trial counsel for failing to present evidence that he was not the shooter, and (3) that he was denied his Sixth Amendment right to counsel when the PCRA court allowed counsel to withdraw. (Pet. at 8–12, ECF No. 1.) To start, claim three is facially uncognizable and must be denied. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[H]abeas proceedings are not the appropriate forum . . . to pursue claims of error at the PCRA proceeding."). As explained below, the other two claims are time-barred.[2]

---

[2] It is an open question whether McCullough's freestanding actual innocence claim is cognizable. *Compare Fielder*, 379 F.3d at 122 ("It has long been recognized that 'claims of actual innocence based on newly discovered evidence' are never grounds for 'federal *habeas* relief absent an independent constitutional violation.'") (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)), *with McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("The Court has not resolved whether a prisoner may be entitled to *habeas* relief based on a freestanding actual-innocence claim.").

B

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period on applications for writs of *habeas corpus*. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of the following:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could be discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under § 2244(d)(1)(A) when a "state prisoner exhausts all options on direct appeal," *Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 264 (3d Cir. 2022), which generally occurs when the state supreme court denies allowance of appeal and the time for filing a writ of *certiorari* with the United States Supreme Court expires, *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). However, the limitations period may begin years after a conviction becomes final when a petitioner discovers the "factual predicate" for a new claim that could not have been discovered "through the exercise of due diligence" on direct review. 28 U.S.C. § 2244(d)(1)(D). This provision requires courts to determine "when, in the particular circumstances at issue here, we should expect a reasonable petitioner to discover the facts giving rise to a

3

*habeas* petition." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 286 (3d Cir. 2021) (cleaned up).

C

Magistrate Judge Straw assumed that § 2244(d)(1)(A) applied to both claims and found that the limitations period began to run on October 4, 2007, the date his conviction became final. (R&R at 7.) But the AEDPA statute of limitations applies on a claim-by-claim basis, *Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004), so the Court must separately calculate the date on which the limitations period began to run for each claim.

1

McCullough's first claim relies on purportedly new evidence—Lamar Clark's April 30, 2018 confession to the crime for which McCullough was convicted. (State Court Rec., Doc. 40.) The Court must determine the date on which the factual predicate for this claim could have been discovered through the exercise of due diligence. *See Fielder*, 379 F.3d at 117, 122 (finding that the limitations period for an actual-innocence claim based on an affidavit stating that someone else committed the crime was calculated according to § 2244(d)(1)(D)). McCullough contends he heard rumors in 2017 that someone named "Mar Mar" had confessed to other inmates that he committed the crime, but that he did not receive "the actual credible evidence" until May 2018. (Obj. at 4, ECF No. 41.) But the PCRA court, addressing the same claim, found McCullough knew "Mar Mar" was Lamar Clark by April 22, 2017, and that McCullough's PCRA petition, filed over a year later, was untimely. (PCRA Court Decision at 5–6, ECF No.

1-1.) The Superior Court affirmed that holding. *See Commonwealth v. McCullough*, No. 1630 MDA 2019, 2020 WL 5230473, at *3 n. 2 (PA Super. Ct. Sept. 2, 2020).

The Court "must defer to the state court's holding that [McCullough's] PCRA petition was untimely." *Merritt v. Blaine*, 326 F.3d 157, 165 (3d Cir. 2003). Further, the PCRA court's factual finding that McCullough knew the identity of Mar-Mar by April 22, 2017 is "presumed correct," and McCullough has not presented any facts to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Feese v. Shapiro*, No. 29-CV-264, 2020 U.S. Dist. LEXIS 213428, at *41 (M.D. Pa. Aug. 21, 2020). Therefore, the limitations period for McCullough's claim based on Clark's confession began to accrue on April 22, 2017, at the latest, and expired on April 23, 2018. McCullough's actual innocence claim, filed over three years later, is therefore untimely. And because his PCRA petition was also untimely, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (quotations omitted).

2

McCullough's second claim, as supplemented by his amendment to the petition, is that counsel "failed to investigate and present witnesses and evidence that established . . . that petitioner was not the shooter in this case." (Am. to Pet. at 3, ECF No. 22.) This claim does not rely on new factual material, so the limitations period began running when McCullough's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The Pennsylvania Superior Court affirmed McCullough's conviction on February 9,

2007,[3] and the Pennsylvania Supreme Court denied allowance of appeal on July 6, 2007. *Commonwealth v. McCullough*, 924 A.2d 695 (Pa. Super. Ct. Feb. 9, 2007), *appeal denied*, 927 A.2d 623 (Pa. July 6, 2007). McCullough's judgment became final ninety days later, on October 4, 2007, when his time to petition for a writ of *certiorari* to the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13(1).

McCullough filed a timely PCRA petition on July 17, 2008—287 days after judgment became final. (Sec. PCRA Pet., ECF No. 13-3, pg. 176.) This petition tolled the AEDPA limitations period as long as it remained pending. *See* 28 U.S.C. § 2244(d)(2). The PCRA court denied his petition on March 19, 2009, and the Superior Court affirmed that decision on December 10, 2010. (Super. Ct. Second PCRA Decision at 8–9.) Thus, the PCRA proceedings completed on January 9, 2011, when McCullough's thirty days for seeking allowance of appeal to the Pennsylvania Supreme Court ended. *See* Pa. R. App. P. 1113(a). The remaining 78 days in the AEDPA limitations period ran on March 28, 2011. Thus, McCullough's second claim is untimely by over ten years.

D

To overcome the AEDPA timeliness bar, McCullough contends he qualifies for the actual innocence gateway exception or, in the alternative, equitable tolling. (Reply at 4–5.) He does not.

---

[3] The Superior Court dismissed McCullough's initial appeals for failure to file a docketing statement in accordance with the Pennsylvania Rules of Appellate Procedure. (ECF No. 13-2, pg. 19, 22.) However, the trial court granted his counseled PCRA petition seeking leave to file a post-sentence motion *nunc pro tunc* and, upon disposition of that motion, a notice of appeal to the Superior Court. (*Id.* at 42.) An order "granting an out-of-time appeal restore[s] the pendency of direct appeal" for the purposes of the AEDPA limitations period. *Jiminez v. Quarterman*, 555 U.S. 113, 120 (2009) (citation omitted).

1

To prevent a "fundamental miscarriage of justice," petitioners may excuse their untimeliness by making a "credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). "To qualify for this exception, the petitioner must present new, reliable evidence showing it is more likely than not that no reasonable juror would have voted to convict him." *Id.* at 157.

McCullough claims he is entitled to the actual-innocence exception based on the Clark confession. (Reply at 1, ECF No. 17.) Addressing a similar claim, the PCRA court held an evidentiary hearing, at which Clark testified, and found his confession to be "fraudulent." (PCRA Court Decision at 4.) The court found that "Defendant, Mr. Clark, and others la[id] the framework for a plan intended to get Defendant out of prison without anyone else facing the consequences for his actions." (*Id.* at 4–5.) McCullough and Clark, who have known each other since they were children, (PCRA H'rg Tr. at 41:23–25, ECF No. 13-3), believed they found a "crazy loophole"—they seemingly thought Clark was protected against further prosecution by Pennsylvania's statute of limitations for attempted murder. (PCRA Court Decision at 5 n.5.) The court also found Clark's testimony incredible, as his account of the crime often contradicted the trial record and consisted of information that could have been gathered via public news sources. (*Id.* at 8–9.)

Again, the PCRA court's factual findings are "presumed correct" unless McCullough presents clear and convincing evidence to rebut this presumption. 28 U.S.C. § 2254(e). McCullough claims Clark "had no sound reason to fabricate his confession," (Reply at 4), and otherwise disputes the PCRA court's finding, (Obj. at 6).

But he does not present clear and convincing evidence rebutting the presumption of correctness. Further, in his objections to Judge Straw's R&R, McCullough contests the sufficiency of the evidence against him at trial, (Obj. at 5), but actual innocence "refers to factual innocence, not legal insufficiency." *Reeves v. SCI*, 897 F.3d 154, 160 (3d Cir. 2018). Thus, McCullough has not made a "credible showing of actual innocence." *McQuiggin*, 569 U.S. at 392; *see also Henderson v. Superintendent*, No. 21-1716, 2024 WL 4468943, at \*7–8 (E.D. Pa. May 6, 2024) (denying actual-innocence claim because purported confession was unreliable due to inconsistencies in testimony and evidence of collusion), *report and recommendation adopted*, No. 21-1716, 2024 WL 4327022 (E.D. Pa. Sept. 27, 2024).

2

Equitable tolling is available where a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). McCullough cites as an extraordinary circumstance his "inability to comprehend the nuance and intricacies of his situation due to his mental[] incompeten[ce] to litigate his own case based on having a low IQ and lead poisoning as a child." (Reply at 4.)[4]

---

[4] To the extent McCullough claims mental incompetence to stand trial as an independent *habeas* claim, (Pet. at 10), rather than as grounds for equitable tolling, (Am. to Pet. at 3), such a claim is untimely. The factual predicate of his alleged incompetence could have been discovered as of the time of trial. *See King v. Westbrooks*, 847 F.3d 788, 799 (6th Cir. 2017) ("The mental-health experts to whom [petitioner] points at this late stage . . . could have been discovered through the exercise of due diligence[.]"); *United States v. Everett*, No. 08-39, 2018 U.S. Dist. LEXIS 173349, at \*4–5 (E.D. Pa. Oct. 5, 2018) ("But Petitioner offers no reason why that [mental-health] evidence could not have been discovered with due diligence at the time of sentencing, . . . and consequently fails to show that evidence of his mental condition can trigger a later starting date for the statute of limitations.").

But "mental incompetence is not a *per se* reason to toll a statute of limitations." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001). Rather, McCullough must show that his mental incompetence affected his "ability to file a timely *habeas* petition." *Id.*; *see also Wilkins v. Lane*, No. 16-5845, 2017 WL 4400760, at *3–5 (E.D. Pa. Sept. 29, 2017). Courts in this circuit consider several factors in determining whether, by a totality of the circumstances, a petitioner has shown an entitlement to equitable tolling based on mental incompetence. *Champney v. Sec'y Pa. Dep't of Corr.*, 469 Fed. App'x 113, 118 (3d Cir. 2012). A "non-exclusive list of factors to consider includes:"

> (1) whether the petitioner was adjudicated incompetent and, if so, when did the adjudication occur in relation to the *habeas* statutory period; (2) whether the petitioner was institutionalized for his mental impairment; (3) whether the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) whether the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications.

*Id.* (cleaned up).

McCullough has not offered any evidence satisfying factors (1), (2) or (4), and factor (3) weighs against him. In addition to filing several *pro se* PCRA petitions, he filed this *pro se habeas* petition, a reply, objections and multiple letters with the Court. *Champney*, 469 Fed. App'x at 117. Although many of these filings were untimely, he submitted motions for extension of time, (ECF Nos. 14, 34), in which he indicated his untimeliness was attributable to being placed in the Restricted Housing Unit, (ECF No. 34), not his mental incompetence. McCullough has not met his burden of proving he is mentally incompetent, nor that his incompetence "made it impossible to file a petition on time." *Wilkins*, 2017 WL 4400760, at *4 (quotations omitted).

III

A certificate of appealability should only issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). McCullough has made no such showing, so no certificate should issue.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.